UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PHALITA PUN,

    *Petitioner*,

v.                                                                      Case No. 5:26-CV-0534-JKP

KRISTI NOEM, et al.,

    *Respondents*.

### ORDER VACATING PRIOR ORDER AND JUDGMENT
### AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

After receiving an abbreviated response (ECF No. 5) from Respondents stating that this habeas case was essentially no different than numerous prior habeas cases that resulted in habeas relief, the Court granted the habeas petition (ECF No. 1) by text order (ECF No. 6) and entered final judgment (ECF No. 7). Respondents thereafter moved to stay the order, *see* ECF No. 8, and filed an amended answer (ECF No. 9). Following a hearing on the motion for stay, the Court granted the motion and requested additional briefing regarding the amended answer and whether this habeas action had become moot prior to granting the habeas petition and entering final judgment. *See* ECF No. 11. The Court received the requested additional briefing, *see* ECF Nos. 13 and 14, and set the matter for another hearing. Having finished that hearing yesterday, the Court vacates the final judgment and its prior order granting habeas relief, denies the petition for the reasons stated herein, and will enter final judgment denying the habeas petition.

As discussed at yesterday's hearing, the Court considers Fed. R. Civ. P. 59(e) applicable to Respondents' post-judgment filings as they were filed within twenty-eight days of the entry of judgment. Rule 59(e), of course, concerns motions to alter or amend a judgment. "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate mo-

tion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) *abrogation on other grounds recognized by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *accord Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (noting that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label"). Rule 59(e) applies in the habeas context. *See Banister v. Davis*, 590 U.S. 504, 514 (2020). Because Respondents undoubtedly seek to alter or amend the final judgment, the Court properly utilizes Rule 59(e).

Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See Banister*, 590 U.S. at 508 (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id*. (omitting citation, internal quotation marks and brackets). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id*. at 508 & n.2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable discretion in deciding whether to reopen a case under Rule 59(e).'" *Id*. (quoting *Edward H.*

*Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

As explained at the hearing, Respondents point to several factual inaccuracies in the petition to support vacating the judgment under Rule 59(e). They explain that in their rush to file an expedited response they relied on these inaccuracies without recognizing that Petitioner had received a bond hearing prior to filing her petition. Petitioner counters with the fact that her petition includes an exhibit specifically showing her bond hearing. While a mistake by a party in a response does not warrant relief under Rule 59(e), the Court does find that Respondents have clearly established a manifest error of fact in this case. The petition is concededly vague and suggests that her detention was based upon 8 U.S.C. § 1225. The abbreviated response fed into that suggestion and the combination of those filings led to the grant of the habeas petition.

But the documentation clearly and unquestionably demonstrates that Petitioner's detention is/was based upon 8 U.S.C. § 1226, not § 1225. Thus, the Court's order granting habeas relief is based on a mistaken fact concerning which statutory provision provides the basis for detention. Consequently, the Court's finding that "Petitioner cannot be detained under 8 U.S.C. § 1225(b)" is simply immaterial to the matters before it. Given that mistake of fact, the Court vacates the order granting habeas relief and the final judgment previously entered. The Court wishes to be clear on this point—although the Fifth Circuit Court of Appeals decided *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and Respondents confusingly claim detention is proper under § 1225(b)(2) while also arguing that Petitioner has already received a bond hearing under § 1226, *see generally*, ECF No. 14, this case is entirely controlled by § 1226. *Buenrostro-Mendez* has had no bearing on whether to vacate the judgment in this case. Stated differently, the Court is not vacating its judgment based upon any intervening change in controlling law.

Having found sufficient reason to vacate the prior order and judgment, the Court considers the petition as contesting Petitioner's detention under § 1226. Respondents argue that the Court lacks jurisdiction under various statutory provisions. While the Court sees the potential divesture of jurisdiction through 8 U.S.C. § 1226(e) and the possibility that the § 1226(a) bond hearing has mooted the claims raised in this case, it recognizes that § 1226(e) is divesture of jurisdiction on a claim-by-claim basis and that a § 1226(a) bond hearing does not necessarily resolve all claims asserted in a given case. Petitioner, furthermore, argues that she has asserted a Fifth Amendment due process claim that is not mooted by the bond hearing and remains cognizable despite § 1226(e). Indeed, she asserts that her "continued detention without access to an individualized custody redetermination hearing also violates the Due Process Clause of the Fifth Amendment." ECF No. 1 ¶ 25. The fact that Petitioner received a bond hearing under § 1226(a) appears to moot the asserted Fifth Amendment claim. But as Petitioner stresses in her briefing and at the hearing yesterday, her contention is that the Fifth Amendment requires an individualized hearing, not merely a bond hearing in name only. Thus, in an abundance of caution, the Court finds that Petitioner has asserted a limited Fifth Amendment claim that is neither mooted nor barred under § 1226(e) under the facts of this case.

Considering that claim on its merits, the Court finds no due process violation. Petitioner urges the Court to find a lack of an individualized custody redetermination because she has identified multiple cases denying bond under similar circumstances. She provides nothing to support her speculation or conclusory assertions of a due process violation. The Court has listened to the submitted audio recording of the bond hearing and reviewed the submitted documentary evidence. From a review of all the submitted evidence, the Court concludes that the evidence does not support finding that Petitioner did not receive an individualized custody determination. Ac-

cordingly, the Court denies the petition and will issue a final judgment consistent therewith.

In summary, the Court **VACATES** its prior order granting habeas relief (ECF No. 6) and **VACATES** the related Final Judgment (ECF No. 7). After doing so, it has considered the Petition for Writ of Habeas Corpus (ECF No. 1) on its merits and **DENIES** it. By separate document, the Court will issue an amended final judgment to close this case.

**IT IS SO ORDERED this 18th day of February 2026.**

*[signature: Jason Pulliam]*
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**